...



 **U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*          *36 South Charles Street*          *DIRECT: 410-209-4982*
*United States Attorney*      *Fourth Floor*                    *MAIN: 410-209-4800*
                             *Baltimore, Maryland 21201*        *FAX: 410-962-9293*
*Evan T. Shea*                                                  *TTY/TDD: 410-962-4462*
*Assistant United States Attorney*

February 22, 2013

Joshua R. Treem
Brown Goldstein Levy LLP
120 E Baltimore St Ste 1700
Baltimore, MD 21202

   Re: <u>United States v. Yvonne Castle Taylor</u>
     Criminal No. 11-310-GLR

Dear Mr. Treem:

  This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have her execute it in the spaces provided below. If this offer has not been accepted by February 25, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

  1. The Defendant agrees to waive indictment and plead guilty to a Criminal Information which will charge her with one count of failure to file a required report of international transportation of currency in violation of 31 U.S.C. §§ 5316 and 5322. The Defendant admits that she is, in fact, guilty of that offense and will so advise the Court. This Office agrees to dismiss the original Indictment pending against the Defendant.

Elements of the Offense

  2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are

Letter to Joshua R. Treem
February 22, 2013
Page 2

a.      That the defendant knowingly transported currency or monetary instruments in excess of $10,000 into or out of the United States;

b.      That the defendant knew that he had a legal duty to file a report of the amount of currency or monetary instruments transported; and

c.      That the defendant willfully failed to file the report concerning the transportation of the currency or monetary instruments.

<u>Penalties</u>

3. Under 31 U.S.C. 5322(a), a violation of Title 31 U.S.C. § 5316 is punishable by a maximum term of five (5) years incarceration, plus a fine of $250,000 and a term of supervised release of up to three years. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.

<u>Waiver of Rights</u>

4. The Defendant understands that by entering into this agreement, she surrenders certain rights as outlined below:

a. If the Defendant had persisted in her plea of not guilty, she would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. The Defendant has the right to have her case presented to a grand jury, which would decide whether there is probable cause to return an indictment against her. By agreeing to proceed by way of Information, she is giving up that right, and understands that charges will be filed by the United States Attorney without the grand jury.

c. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to

Letter to Joshua R. Treem
February 22, 2013
Page 3

confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in her defense, however, she would have the subpoena power of the Court to compel the witnesses to attend.

e. The Defendant would have the right to testify in her own defense if she so chose, and she would have the right to refuse to testify. If she chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from her decision not to testify.

f. If the Defendant were found guilty after a trial, she would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that she may have to answer the Court's questions both about the rights she is giving up and about the facts of her case. Any statements the Defendant makes during such a hearing would not be admissible against her during a trial except in a criminal proceeding for perjury or false statement.

h. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find her guilty.

i. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if she is not a citizen of the United States, pleading guilty may have consequences with respect to her immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing

Letter to Joshua R. Treem
February 22, 2013
Page 4

Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

6. This Office and the Defendant understand, agree and stipulate to to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

The base offense level is 6 pursuant to U.S.S.G. § 2S1.3(a)(2). There is a 8 level increase pursuant to U.S.S.G. § 2B1.1(b)(1)(E) because the loss amount was more than $70,000 but less than or equal to $120,000.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for her criminal conduct. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about her involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw her plea of guilty. **Thus, the adjusted offense level is 12.**

7. The Defendant understands that there is no agreement as to her criminal history or criminal history category, and that her criminal history could alter her offense level if she is a career offender or if the instant offense was a part of a pattern of criminal conduct from which she derived a substantial portion of her income.

8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. The Defendant reserves the right to request a variance under 18 U.S.C. § 3553(a).

<u>Obligations of the United States Attorney's Office</u>

9. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

Letter to Joshua R. Treem
February 22, 2013
Page 5

Forfeiture

10. The Defendant agrees to consent to the forfeiture of the $102,195 in currency that seized from her on May 28, 2011.

11. The Defendant also represents that with the exception of liens held by financial institutions, she is unaware of any third-party interest in any of the specific assets that she has agreed to forfeit, and that she will not assist any third party in asserting a claim to the forfeited assets in the related civil forfeiture case, and that she will testify truthfully in any such proceeding.

Waiver of Further Review of Forfeiture

12. The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

Waiver of Appeal

13.      The Defendant's guilty plea to Count One of the Indictment is a conditional plea under Fed. R. Crim. P. 11(a)(2). Specifically, the Defendant reserves the right to appeal the Court's order denying his motion to suppress evidence and statements. This Office consents to this conditional guilty plea. The Defendant agrees that he will not appeal his conviction on any other ground. Further, The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release) except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the maximum under the applicable guideline range. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the

Letter to Joshua R. Treem
February 22, 2013
Page 6

above-captioned matter and agrees not to file any request for documents from this Office or any
investigating agency.

## Obstruction or Other Violations of Law

14.  The Defendant agrees that she will not commit any offense in violation of federal,
state or local law between the date of this agreement and her sentencing in this case. In the event
that the Defendant (i) engages in conduct after the date of this agreement which would justify a
finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal
responsibility for her conduct by failing to acknowledge her guilt to the probation officer who
prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local
law, then this Office will be relieved of its obligations to the Defendant as reflected in this
agreement.  Specifically, this Office will be free to argue sentencing guidelines factors other than
those stipulated in this agreement, and it will also be free to make sentencing recommendations
other than those set out in this agreement.  As with any alleged breach of this agreement, this
Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful
behavior and/or failure to acknowledge personal responsibility by a preponderance of the
evidence.  The Defendant acknowledges that she may not withdraw her guilty plea because this
Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

15.  The Defendant expressly understands that the Court is not a party to this agreement.
In the federal system, the sentence to be imposed is within the sole discretion of the Court.  In
particular, the Defendant understands that neither the United States Probation Office nor the
Court is bound by the stipulation set forth above, and that the Court will, with the aid of the
Presentence Report, determine the facts relevant to sentencing.  The Defendant understands that
the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the
determination of sentence.  Rather, in determining the factual basis for the sentence, the Court
will consider the stipulation, together with the results of the presentence investigation, and any
other relevant information.  The Defendant understands that the Court is under no obligation to
accept this Office's recommendations, and the Court has the power to impose a sentence up to
and including the statutory maximum stated above.  The Defendant understands that if the Court
ascertains factors different from those contained in the stipulation set forth above, or if the Court
should impose any sentence up to the maximum established by statute, the Defendant cannot, for
that reason alone, withdraw her guilty plea, and will remain bound to fulfill all of her obligations
under this agreement.  The Defendant understands that neither the prosecutor, her counsel, nor
the Court can make a binding prediction, promise, or representation as to what guidelines range
or sentence the Defendant will receive.  The Defendant agrees that no one has made such a
binding prediction or promise.

Letter to Joshua R. Treem
February 22, 2013
Page 7

<u>Entire Agreement</u>

16. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Evan T. Shea
Assistant United States Attorney

Letter to Joshua R. Treem
February 22, 2013
Page 8


      I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_2/25/13_____        _Yvonne Castle Taylor_____
Date                          Yvonne Castle Taylor

      I am Yvonne Taylor's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with her. She advises me that she understands and accepts its terms. To my knowledge, her decision to enter into this agreement is an informed and voluntary one.

_2/25/13_____        _Joshua R. Treem_____
Date                          Joshua R. Treem

## ATTACHMENT A
## STATEMENT OF FACTS

On May 28, 2011, during a scheduled trip from Baltimore Washington Airport to Montego Bay, Jamaica, with a stopover at Atlanta Hartsfield International airport, the defendant attempted to transport over $10,000 in currency from the United States to a place outside the United States, knowingly and willfully failing to file a report containing information related to that currency required by 31 U.S.C. 5316.  Specifically, while boarding her flight from Atlanta to Montego Bay, the defendant was stopped by United States Customs and Boarder Protection ("CBP") Officers at the gate from which the flight was to depart.  A subsequent search established that the defendant had over $100,000 in currency on her person under her clothing.  Agents with Homeland Security Investigation also determined that the defendant had not filed a report required by 31 U.S.C. 5316.